IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**BRITT JARRIEL HAMMONS**,

      Petitioner,

v.                                           **Civil Action No. 5:22-CV-164**
                                                Judge Bailey

**MR. BROWN,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On July 1, 2022, Britt Jarriel Hammons, acting *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. 1]. Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction from the United States District Court for the Western District of Oklahoma. On July 20, 2022, the petitioner paid the $5 filing fee. [Doc. 7]. On November 3, 2022, respondent filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment. On December 7, 2022, petitioner filed a Declaration of Filing. [Doc. 22]. Petitioner states that he deposited objections to the respondent's motion to dismiss. To date, the Court has not received any further filings. This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### II. Background[1]

---

[1] The facts are taken from the petitioner's criminal Case No. 5:04-cr-172-F in the United States District Court for the Western District of Oklahoma, available on PACER. Unless otherwise noted, the document entries in this section refer to that criminal case. ***Philips v. Pitt Cnty. Mem. Hosp.***, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); ***Colonial Penn. Ins. Co. v.***

On December 14, 2004, petitioner pleaded guilty to one count of felon in possession of a firearm, a Class A felony under 18 U.S.C. § 922(g)(1).  His criminal history included three prior convictions under Oklahoma's drive-by shooting statute, Okla. Stat. tit. 21 § 652(B) (1992). The court sentenced him to a term of 180 months imprisonment, pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to be to be served consecutively to any undischarged terms of imprisonment imposed for violations of state law.

Petitioner filed a Notice of Appeal on May 6, 2005.  His sentence was affirmed on January 9, 2006.  A Notice of Writ of Certiorari was filed January 30, 2006, and denied on March 6, 2006.  Following affirmance of his conviction and sentence for possessing a firearm as a felon, defendant moved to vacate his sentence. The United States District Court for the Western District of Oklahoma denied the motion. Defendant appealed. The Tenth Circuit affirmed the court's decision.  ***United States v. Hammons***, 862 F.3d 1052, 1054 (10th Cir. 2017).

On February 2, 2022, plaintiff, appearing *pro se*, filed a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release).  Upon review, the court entered an order on March 10, 2022, denying the motion to the extent it sought a reduction of sentence or compassionate release based upon the present pandemic, medical conditions, and current housing. Defendant filed a "Habeas Corpus for Writ of Mandamus" with that district, on April 28, 2022.

---

***Coil***, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On May 17, 2022, the court entered an order dismissing defendant's "Habeas Corpus for Writ of Mandamus."

On July 13, 2022, petitioner filed a "'Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)' and/or Compassionate Release." Defendant makes several of the same arguments he made in his first § 3582(c)(1)(A) motion. However, he added an argument that if sentenced today, he would have received less time because his sentence would not have been subject to enhancement under the ACCA, given the United States Supreme Court's recent decision in **Wooden v. United States**, 142 S. Ct. 1063 (2022). The Motion was denied without prejudice to re-filing after the Tenth Circuit ruled on the pending appeal.

On August 25, 2022, The Tenth Circuit affirmed the district court's denial in part and dismissal in part of his Motion for Sentence Reduction and Compassionate Release under 18 U.S.C. 3582(c)(1).

On October 26, 2022, petitioner filed a Motion for Compassionate Release under Section 3582(c)(1)(A)(i), which the United States District Court for the Western District of Oklahoma denied.

### III. The Petition

In the instant § 2241 petition, the petitioner challenges the sentence and conviction he received under the Armed Career Criminal Act. In support of his petition, he asserts four arguments. First, he asserts that his prior three crimes should only have been considered to be one crime pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). In advancing this allegation, the petitioner relies on the Supreme Court decision in **Wooden v. U.S.**, 142 S.Ct. 1063 (2022). Second, petitioner asserts

3

that his crime was at the same address, with the same person, and occurred at the same time to be considered one occasion under **Wooden**. *Id.* Third, he asserts that Oklahoma Statute 21 § 652 is "Broader, vague and Unconstitutional" according to **United States v. Glispie**. Finally, petitioner asserts his sentence was unfair because of his argument in ground one of his Petition that relied on the recent case, **Wooden**, 142 S.Ct. at 1063. Petitioner requests to have a new sentence without the enhancement under 18 U.S.C. § 924(e).

On November 3, 2022, the respondent filed a Motion to Dismiss or in the alternative Motion for Summary Judgment, to which the petitioner filed a declaration of filing.

## IV. Standard of Review

### A. Review of Petitions for Relief

#### a. Motion to Dismiss for Failure to State a Claim

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and

4

other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995). In ***Twombly***, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," ***Id.*** at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." ***Id***. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." ***Williams v. Branker***, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." ***Witthohn v. Fed. Ins. Co.***, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. ***Id***. at 396–97.

    b.  **Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual

issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." ***Anderson***, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts*." **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**,* 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); ***Celotex Corp.***, 477 U.S. at 323–25; ***Anderson***, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." ***Anderson***, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that *pro se* allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Hudspeth v. Figgins***, 584 F.2d 1345, 1347 (4th Cir. 1978).

### B. Post-Conviction Remedies and Relief

A prisoner seeking to challenge the validity of his or her conviction or sentence is required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison

conditions in the facility where he is incarcerated." **Adams v. United States**, 372 F.3d 132, 135 (2nd Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which permits a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[2] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. *In re Vial*, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective; the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

---

[2] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

(1) The date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." *United States v. Wheeler*, 886 F.3d 415, (4th Cir. 2018), *cert. denied* *United States v. Wheeler*, 2019 U.S. LEXIS 1990 (U.S., Mar. 18, 2019) (*quoting* *Brown v. Caraway*, 719 F.3d 583, 588 (7th Cir. 2013)). In *Wheeler*, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and *Jones* is applicable to fundamental sentencing errors, as well as undermined convictions." *Id.* at 428. When contesting a sentence through a petition filed under § 2241, a petitioner must still meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

8

*Wheeler*, *supra*, at 40.29 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in *Wheeler*. *Id*.

### V. Analysis

As an initial matter, the Court notes that *Jones* and *Wheeler* provide the applicable tests for determining whether petitioner can meet the savings clause of § 2255. It is clear that petitioner is not entitled to the application of § 2255's savings clause. First, to the extent that petitioner is arguing that his conviction is unconstitutional and unlawful, petitioner is unable to meet all three prongs of the *Jones* test to challenge his conviction. Second, with respect to the challenge of his sentence, petitioner does not meet all four elements of the *Wheeler* test. Thus, this Court does not have jurisdiction to hear any of his challenges on their merits.

In this case, even if petitioner satisfied the first and the third elements of *Jones*, he cannot meet the second prong. The crime for which petitioner was convicted, felon in possession of a firearm, a Class A felony under 18 U.S.C. § 922(g)(1), remains a criminal offense. Further, his enhancement under to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which included three prior convictions under Oklahoma's drive-by shooting statute, Okla. Stat. tit. 21 § 652(B) (1992), has not been changed. Petitioner argues that Okla Stat. tit. 21 § 652(B) is unconstitutional because of *United States v. Glispie*. This Court is unable to locate the case of *United States v. Glispie*. Petitioner's argument lacks merit; Okla. Stat. tit. 21 § 652(B) qualifies as a violent felony under the elements clause of the ACCA. Thus, there has been no substantive change to the law and petitioner cannot satisfy the second prong of *Jones*.

Because petitioner fails to establish that he meets the *Jones* requirements, he has not demonstrated that a § 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause. Accordingly, this Court is without jurisdiction to consider his Petition on that ground.

Similarly, to the extent petitioner is challenging his sentence, he must meet all four prongs of the *Wheeler* test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if the petitioner met the first, second, and third prongs of *Wheeler*, he cannot meet the fourth prong. The Fourth Circuit has held that, "prong four of *Wheeler* demonstrates that the date of retroactivity is the trigger for savings clause relief. That requirement states, 'due to this *retroactive change in settled law*, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.' It is the *retroactive* change, not just the change, in settled law that renders the sentence fundamentally defective." *Braswell v. Smith*, 952 F.3d 441, 448 (4th Cir. 2020) (quoting *Wheeler*, 886 F.3d at 429).

Petitioner maintains that *Wooden v. U.S.*, 142 S. Ct. 1063 (2022) entitles him to relief on his sentence because the case applies retroactively. The Supreme Court in *Whorton v. Bockting*, 549 U.S. 406 (2007) held that a "[n]ew rule announced in United States Supreme Court decision may be applied retroactively in collateral proceeding only if: (1) rule is substantive; or (2) rule is 'watershed rule of criminal procedure,' that implicates fundamental fairness and accuracy of criminal proceeding."

Contrary to the petitioner's argument, *Wooden* has not been deemed to apply retroactive on collateral review and simply has no bearing on this court's ability to consider whether separate convictions were a "single criminal episode" to determine

10

whether there should be a sentencing enhancement under the United States Sentencing Guidelines. Therefore, the undersigned fails to discern, and the petitioner fails to explain, how **Wooden** has any application to his conviction or sentence.

Because the petitioner fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review" and that, "due to this retroactive change, [his] sentence now presents an error sufficiently grave to be deemed a fundamental defect, **Wheeler**, 886 F.3d at 429, his claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the petition. When subject matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Steel Co. v. Citizens for a Better Environment***, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); ***Reinbold v. Evers***, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that respondent's Motion to Dismiss for Failure to State a Claim [**Doc. 18**] be **GRANTED** and petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] be **DENIED and DISMISSED without prejudice.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including

exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **directed to terminate the Magistrate Judge's association** with this case and **remove the *pro se* law clerk flag**.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: January 19, 2023

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE